UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------
DENNIS FRANK,

                Plaintiff,

      v.

ANDREW SAUL, *Commissioner of Social Security*,

                Defendant.

----------------------------------------------------------------

**ORDER**
20-CV-4400 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Dennis Frank filed a motion seeking payment of attorneys' fees in the amount of $36,200.00 pursuant to 42 U.S.C. § 406(b). (Pl.'s Mot. for Att'ys' Fees ("Pl.'s Mot."), Docket Entry No. 22; Pl.'s Mem. in Supp. of Pl.'s Mot. ("Pl.'s Mem."), Docket Entry No. 24.) The Commissioner of Social Security (the "Commissioner"), as quasi-trustee, asked the Court to (1) determine whether the fee is reasonable, (2) "decline to include language directing that the Commissioner 'pay' the award" or "specifically indicate that any amount it authorizes in . . . fees is to be paid out of Plaintiff's past-due benefits in accordance with agency policy," and (3) order Plaintiff's counsel ("Counsel") to return the $6,800.00 Equal Access to Justice Act ("EAJA"), 28 U.S.C.§ 2412, fees to his client. (Comm'r's Resp. to Pl.'s Mot. ("Comm'r's Resp.") 2–3, Docket Entry No. 25.)

      For the reasons explained below, the Court grants attorneys' fees in the amount of $36,200.00 and orders Counsel to return the EAJA fees within fourteen days of the entry of this Order.

**I. Background**

On August 19, 2020, Plaintiff retained Counsel to represent him "in connection with the . . . appeal in Federal District Court and any further administrative action necessary to appeal the denial of [his] application for Social Security Disability Benefits" (the "Retainer Agreement"). (*See* Retainer Agreement 1, annexed to Aff. of Richard B. Seelig in Supp. of Pl.'s Mot. ("Seelig Aff.") as Ex. A, Docket Entry No. 24-1.) The Retainer Agreement entitles Counsel to twenty-five percent "of all retroactive or past due social security disability benefits awarded to [Plaintiff]." (*Id.*)

Plaintiff commenced the above-captioned action pursuant to 42 U.S.C. § 405(g) on September 18, 2020, seeking review of a final decision of the Commissioner denying his claim for Social Security Disability Insurance Benefits ("DIB"). (Compl. ¶¶ 1–2, Docket Entry No. 1.) On March 17, 2021, Plaintiff moved for judgment on the pleadings, and on May 26, 2021, the Commissioner cross-moved for judgment on the pleadings. (Pl.'s Mot. for J. on the Pleadings, Docket Entry No. 12; Comm'r's Mot. for J. on the Pleadings, Docket Entry No. 16.) By Memorandum and Order dated September 16, 2022, the Court granted Plaintiff's motion, denied the Commissioner's cross-motion, vacated the Commissioner's decision, and remanded the action for further proceedings pursuant to 42 U.S.C. § 405(g) (the "September 2022 Decision"). (Sept. 2022 Decision, Docket Entry No. 18.) By stipulation dated November 29, 2022, and approved by the Court on December 6, 2022, the parties stipulated to an award of $6,800.00 in attorneys' fees and $402.00 in costs. (*See* Stipulation dated Nov. 29, 2022, Docket Entry No. 20; Order dated Dec. 6, 2022, Docket Entry No. 21.)

Upon remand to the Social Security Administration (the "SSA"), "Plaintiff was approved for Social Security Disability benefits." (Pl.'s Mem. 2.) On February 7, 2024, the SSA issued a Notice of Award setting forth the benefits payable to Plaintiff and withholding twenty-five

2

percent of past-due benefits, $62,632.00, for the payment of fees to representatives or counsel. (Notice of Award 1, annexed to Seelig Aff. as Ex. B, Docket Entry No. 24-2.) On February 16, 2024, Plaintiff moved for $36,200.00 in attorneys' fees. (Pl.'s Mot. 1)

## II. Discussion

Plaintiff argues that the requested fee is reasonable because (1) the amount requested does not exceed the statutory twenty-five percent cap, (2) the amount requested is reasonable in comparison to the total value of the case to Plaintiff, and (3) Counsel has extensive experience litigating Social Security disability cases and "devoted considerable time and careful attention to Plaintiff's case since initially retained." (Pl.'s Mem. 6–9.)

The Commissioner "neither supports nor opposes [C]ounsel's request for attorney's fees" and requests that the Court determine the reasonableness of the $36,200.00 pursuant to the factors set forth in *Fields v. Kijakazi*, 24 F.4th 845 (2d Cir. 2022). (Comm'r's Resp. 1–2.) The Commissioner also requests that the Court (1) direct Counsel "to reimburse Plaintiff any fees previously received under the EAJA," and (2) "decline to include language directing that the Commissioner 'pay' the award," or "specifically indicate that any amount it authorizes in Section 406(b) fees is to be paid out of Plaintiff's past-due benefits in accordance with agency policy." (*Id.* at 2–3.)

Counsel's request is less than twenty-five percent of past due benefits and the amount that Counsel is entitled to under the contingent-fee agreement, which provides for attorneys' fees in the amount of twenty-five percent of any recovery.[1] 42 U.S.C. § 406(b)(1)(A) (allowing a

---

[1] The Court further notes that Plaintiff's request for fees is timely because Plaintiff filed his motion on February 16, 2024, nine days after the SSA issued the Notice of Award on February 7, 2024. *See Taveras v. Comm'r of Soc. Sec.*, No. 22-CV-10825, 2024 WL 3784382, at *2 (S.D.N.Y. Aug. 12, 2024) (finding that the plaintiff's motion for fees pursuant to 42 U.S.C. § 406(b) was "timely because it was filed within 14 days after the Notice of Award").

3

successful claimant's attorney to seek court approval of fees, not to exceed twenty-five percent of the total past-due benefits); (*see also* Retainer Agreement 1). Counsel expended 36.2 hours for services at the district court level, (*see* EAJA Chart, annexed to Seelig Aff. as Ex. C, Docket Entry No. 24-3), which amounts to a *de facto* hourly rate of $1,000. The Court finds that the requested attorneys' fees are reasonable because: (1) the amount requested does not exceed the statutory twenty-five percent cap; (2) there is no evidence of fraud or overreaching in the making of the agreement; and (3) in light of the factors set forth in *Fields*, the fees requested do not constitute a windfall. Counsel has considerable experience in Social Security disabilities representation, having "handled more than 1,000 Social Security cases before the agency" and litigated "more than fifty Social Security appeals in federal court" in his last ten years of practice. (Pl.'s Mem. 7–8); *see also Henrich v. Acting Comm'r of Soc. Sec.*, No. 22-CV-3472, 2024 WL 4043681, at *3 (E.D.N.Y. Sept. 3, 2024) (finding that the plaintiff's attorneys had "extensive experience in Social Security disabilities representation" where they had worked for approximately ten years and handled "thousands of administrative hearings and federal appeals"). Counsel has represented Plaintiff since August of 2020 and achieved a successful outcome for Plaintiff, which was by no means "certain." *Fields*, 24 F.4th at 855 ("Lawyers who operate on contingency — even the very best ones — lose a significant number of their cases and receive no compensation when they do.").

Moreover, Counsel's requested fee amount is within the range of hourly rates that courts have approved in other section 406(b) cases. *See, e.g.*, *Henrich*, 2024 WL 4043681, at *2 (finding that an effective hourly rate of $945.27 for 47.80 hours of work was "well 'within the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit'" (quoting *Dorta v. Saul*, No. 18-CV-396, 2021 WL 776446, at *2 (S.D.N.Y. Mar. 1, 2021))); *Duncan v. Comm'r of Soc. Sec.*, No. 20-CV-6218, 2024 WL 3594667, at *1 (E.D.N.Y.

4

July 31, 2024) (finding that the *de facto* hourly rate of $2,458.56 was reasonable even though it was "on the higher end" of hourly rates typically awarded because "it would be 'foolish to punish a firm for its efficiency'" (quoting *Fields*, 24 F.4th at 854)); *Valle v. Colvin*, No. 13-CV-2876, 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (finding that an hourly rate of approximately $1,079.72 was "within the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit" (citations omitted)); *Baron v. Astrue*, 311 F. Supp. 3d 633, 637–38 (S.D.N.Y. 2018) (collecting cases finding that *de facto* hourly rates between $2,100 and $1,072.17 were reasonable).

### III. Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion for attorneys' fees in the amount of $36,200.00, payable to Seelig Law Offices, LLC. The Commissioner is directed to release $36,200.00 to Counsel from Plaintiff's withheld past due benefits, in accordance with agency policy. If Counsel has not already refunded to Plaintiff the $6,800.00 in EAJA fees previously awarded under 28 U.S.C. § 2412(d), (*see* Order dated Dec. 6, 2022), Counsel is directed to do so within fourteen days of this Order.

Dated: September 20, 2024
       Brooklyn, New York

SO ORDERED:

       s/MKB
MARGO K. BRODIE
United States District Judge